IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| NANCI N. MORRIS, § | |
| Plaintiff, § | |
| v. § | No. 7:05-CV-0099-BF |
| § | ECF |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER, SOCIAL SECURITY § | |
| ADMINISTRATION, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's Order of Reassignment (doc. 14), this is now a consent case before the United States Magistrate Judge. For the reasons stated below, the final decision of the Defendant Commissioner of Social Security Administration (the "Commissioner") is affirmed.

## I. BACKGROUND

Plaintiff Nanci N. Morris (the "Plaintiff") was born on October 14, 1983. Tr. at 110. She has a high school education. *Id.* at 605. She has no past relevant work and has acquired no skills from any work activity. *Id.* at 19. On March 22, 2001, an Administrative Law Judge ("ALJ") determined that plaintiff was disabled and eligible for child's supplemental security income due to hidradenitis superativa that equaled the requirements of listing 8.06 in Appendix 1 of Subpart P. *Id.* at 34.

Plaintiff was notified on September 13, 2001 that her case would be reviewed under the SSI rules governing adults because she was approaching age 18. *Id.* at 66-67. Plaintiff attained age 18 on October 14, 2001. The Commissioner notified Plaintiff on March 27, 2002 of the determination that Plaintiff was no longer disabled and benefits would cease in two months. *Id.* at 70-73. The Commissioner's decision was affirmed on reconsideration on May 21, 2003. *Id.* at 77-88. Plaintiff requested a hearing in front of an ALJ. *Id.* at 94. A hearing was held on September 9, 2004, at

which Plaintiff and a vocational expert ("VE") testified. *Id.* at 600-601. The ALJ issued his decision on December 18, 2004 finding Plaintiff not disabled. *Id.* at 11-21. Plaintiff requested review by the Appeals Council, and on April 8, 2005, her request was denied. The ALJ's opinion became the Commissioner's final administrative decision. *Id.* at 6-8. Plaintiff appealed the Commissioner's final decision to the District Court on May 16, 2005.

Plaintiff alleges that (1) the ALJ committed prejudicial, legal error by failing to address in his assessment of plaintiff's residual functional capacity ("RFC") the state agency medical consultant's report regarding Plaintiff's alleged mental disabilities, (2) the ALJ's RFC determination is not supported by substantial evidence, and (3) the ALJ committed prejudicial, legal error by failing to separately consider the issue of whether Plaintiff could maintain employment. Pl.'s Br. at 21, 23. The Commissioner contends that (1) the ALJ is not required to explicitly discuss the state agency medical opinion, (2) the ALJ's finding is supported by substantial evidence, and (3) Plaintiff has failed to prove that her symptoms were disabling and would prevent her from maintaining employment. Def.'s Br. at 3, 6, 7.

## II. STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether the decision is supported by substantial evidence, and (2) whether the proper legal standards were applied to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)

(footnotes omitted).

It is not the place of this Court to "reweigh the evidence or try the issues *de novo* or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez*, 64 F.3d at 173. Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). It is "more than a mere scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). In order to make a finding of no substantial evidence, the court must determine that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)). Even if the Court determines that the evidence preponderates in Plaintiff's favor, the Court must still affirm the Commissioner's finding if there is substantial evidence to support those findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner and not this Court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

In determining whether a claimant is disabled, the Commissioner uses a five-step sequential inquiry. *Leggett*, 67 F.3d at 563; *Martinez*, 64 F.3d at 173-74. The Commissioner must consider whether: (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a mental or physical impairment; (3) the claimant's impairment meets or equals an impairment listed in Appendix 1, Subpart P, Regulation No. 4; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform other work that exists in significant numbers in the national economy. *Leggett*, 67 F.3d at 563 n.2; *Martinez*,

64 F.3d at 173-74. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). At step five, once the Commissioner shows that other jobs are available to the claimant, the burden shifts to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

For purposes of social security cases, "disability" means an inability to engage in substantial gainful activity because of a medically determinable mental or physical impairment or combination of impairments that could be expected to either last for a continuous period of not less than 12 months or to result in death. *See* 42 U.S.C. § 423(d)(1)(A). In order to establish disability, the record must show that the limitations imposed by Plaintiff's conditions prevent him from engaging in any substantial gainful activity. *See Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

When reviewing a decision of "not disabled," the Court's function is to determine whether the record as a whole contains substantial evidence that supports the final decision of the Commissioner, as the trier of fact. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989); *Kane*, 731 F.2d at 1219. Four elements of proof should be weighed to determine if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of examining and treating physicians; (3) Plaintiff's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). The ALJ must develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ fails to do this, the decision is not substantially justified. *Id*. Nevertheless, the ALJ's decision should be reversed only if Plaintiff shows that he was prejudiced. *Id*. A procedurally imperfect administrative ruling should not be overturned unless the

substantive rights of a party have been prejudiced. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997).

### III. ANALYSIS

Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence and results from prejudicial legal error. Pl.'s Br. 21-23.  More specifically Plaintiff contends that because the ALJ omitted any mental limitations from Plaintiff's RFC after finding her depression was severe deprives his RFC of support by substantial evidence, and it was prejudicial legal error to omit discussion of the State Agency Medical Consultant's report and to fail to make a separate finding that Plaintiff could maintain employment.  Pl.'s Br. 22.

A. The ALJ's findings regarding Plaintiff's mental limitations were supported by substantial evidence and not the product of prejudicial error.

At the second step of his inquiry, the ALJ found that Plaintiff's depression was severe, but found at the third step that it did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  Tr. at  15.  Plaintiff argues the ALJ erred when he omitted any mental limitations in formulating the RFC. *Id.* at 16.  While this RFC finding may seem incongruous with the severity findings, the ALJ did not contradict himself, and it does not deprive the ALJ's disability determination of support by substantial evidence.

The ALJ's omission of mental limitations from the RFC determination was supported by substantial evidence.  When a condition is controlled by medication, it will not be found to be disabling.  20 C.F.R. 416.930 (2007); *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988).  The ALJ found her depression to be controlled with medication.  Tr. at 16.  Dr. Butera, Plaintiff's psychiatrist, prescribed medication for Plaintiff's depression. *Id.* at 429-31. Dr. Butera consistently found Plaintiff "alert, attentive and oriented." *Id.* at 426, 428, 430.  He also found Plaintiff's insight

5

and judgment to be intact, and "no evidence of cognitive defects." *Id.* at 428, 430. Plaintiff testified that her depression was controlled by the medication. *Id.* at 620.

Linda Winfrey, Plaintiff's counselor, noted "Client is still looking for a job," and "Client needs to get out of the house." *Id.* at 414. She also noted that "Client has applied for jobs . . . Mother is supportive of job hunt." *Id.* at 415. Winfrey clearly was aware of the Plaintiff's attempts at employment, but never recommended any work limitations. *Id.* at 412-25. She even appeared supportive. *Id.* at 414. None of the treating or examining sources recommended any work related limitations.

The ALJ's hypothetical posed to the VE included the limitation that "she experiences a mild to moderate level of fatigue, anxiety, and discomfort affecting her ability to work in a competitive environment." *Id.* at 635-36. With this restriction, the VE opined that there existed jobs in the economy in significant numbers that the Plaintiff could perform, such as office helper. *Id.* at 636. The hypothetical posed to the VE included the restriction, and the ALJ relied on his testimony. Therefore, substantial evidence supports the ALJ's finding of no mental restrictions in the RFC, and there was no prejudice to the Plaintiff.

The ALJ did not contradict himself by omitting mental limitations from his RFC finding. *Robinson v. Barnhart*, 248 F. Supp. 607 (S.D. Tex. 2003), relied upon by Plaintiff, is distinguishable. In *Robinson*, the ALJ erred when he relied solely on the medical-vocational guidelines in his determination that Robinson was not disabled despite his finding that Robinson's depression was a severe impairment. *Id.* at 623. To rely on the guidelines, the ALJ must find in the claimant suffers only from exertional limitations, or that the nonexertional limitations do not significantly affect the RFC determination. *Watson*, 288 F.3d at 216 (quoting *Crowley*, 197 F.3d

at 199). Here, the ALJ found that Plaintiff's depression was a severe, nonexertional limitation, but did not rely solely on the medical-vocational guidelines. He obtained the opinion of the VE in response to a hypothetical question that included the mental limitation that "she experiences mild to moderate level of fatigue, anxiety and discomfort affecting her ability to work in a competitive environment." Tr. at 635-36. This hypothetical was more restrictive than the ALJ's ultimate RFC determination, and the VE opined that even with those nonexertional limitations, Plaintiff could perform various light, unskilled to semiskilled jobs. *Id.* at 636. The ALJ then made his decision considering the VE's opinion, which he found to be compelling. *Id.* at 19.

B. The ALJ erred when he failed to explicitly discuss the SAMC report, but the error was harmless.

The ALJ is required by regulation and Social Security Ruling (SSR) 96-6p to explain the weight given to the SAMC findings. *See* 20 C.F.R. § 416.927(f)(2)(ii) (2007). However, "procedural perfection in administrative hearings is not required" as long as "the substantial rights of a party have not been affected." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998) (quoting *Mays v. Bowen*, 837 F.2d 13962, 1364 (5th Cir. 1988)). "Procedural improprieties . . . will . . . constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Id.*

The ALJ erred by failing to explain the weight given to the SAMC's determination, but the error was harmless because, as stated above, substantial evidence exists elsewhere in the record that supports the ALJ's finding that Plaintiff's condition was controlled by medication. The report does not directly contradict this finding. The SAMCs found Plaintiff to be moderately limited in eight areas of mental work-related functioning, but stated in the Functional Capacity Assessment that the claimant "retains capacity to perform simple routine tasks." Tr. at 354-56. Plaintiff's counsel posed

7

a hypothetical that incorporated each of the eight areas where the SAMC found Plaintiff to be moderately limited. *Id.* at 639-640. The VE stated in response that the limitation on detailed instructions would "not have any significant effect. These are not detailed jobs," (referring back to the jobs he stated Plaintiff could perform). *Id.* at 640. The SAMC report did not contradict the VE's testimony that Plaintiff could perform as an office helper, a telephone answering operator, and an appointment clerk. *Id.* at 19. Therefore, while the ALJ's failure to specifically address the SAMC report was error, it was not prejudicial because it did not cast into doubt the existence of substantial evidence to support his decision. *Morris*, 864 F.2d at 335.

C. <u>The ALJ did not err when he failed to make express finding that Plaintiff could maintain employment</u>.

Plaintiff also contends that her hidradenitis superativa by its nature waxes and wanes in its manifestations of disabling symptoms, and the ALJ was required to explicitly determine that she could maintain employment. *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). Usually, the determination that the claimant can maintain employment is subsumed in the RFC determination. *Id.* Both the regulation describing the RFC, 20 C.F.R. § 416.945 (2007) and SSR 96-8p "make clear that RFC is a measure of the claimant's capacity to perform work 'on a regular and continuing basis.'" *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). SSR 96-8p further defines "regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent work schedule." "Absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC" a specific finding that the claimant can maintain employment is not required. *Id.* The claimant's recurring symptoms must be disabling, i.e., so frequent or severe as to prevent

8

maintenance of a job for a significant period of time. *Frank*, 326 F.3d at 618.

Because Plaintiff's symptoms were not disabling, the ALJ was not required to make a separate finding that Plaintiff could maintain employment. *Id.* The ALJ found that Plaintiff's hidradenitis superativa responded to treatment. Tr. at 18. When a condition is controlled by medication, it will not be found to be disabling. *Johnson*, 864 F.2d at 348. There are numerous indications in the treating physicians' notes that treatment was effective. Tr. at 357 (skin significantly better after antibiotics and a steroid pack), 361-62 (daily medication helping to suppress infection), 372 (Prednisone helped clear it up), 373 (marked improvement of lesions), 380 (prescribed medication seems to be working), 381 (well-healed lesions).

Dr. Gonzales, who treated Plaintiff for arthritis, noted on February 28, 2003 that Plaintiff had "full range of motion of the neck, shoulders, elbows and wrists . . . full range of motion of the hips." *Id.* at 362. On the same occasion, she noted Plaintiff's morning stiffness from her arthritis lasted for less than twenty minutes. *Id.* at 361. On three subsequent visits, Dr. Gonzales noted full range of motion of the shoulders or hips, and on June 15, 2004, "Full rotation of the shoulders and elbows. Full rotation of the hips." *Id.* at 357-60. The SAMC report found the condition "currently controlled by maintenance antibiotics and incision and drainage of recurrent flareups." *Id.* at 340. Dr. Gonzales did not recommend any work-related limitations.

The only evidence that Plaintiff's symptoms would keep her from working was her own testimony that her condition would prevent her from leaving the house about two days a month. *Id.* at 628. The ALJ found Plaintiff's testimony regarding her continuing disability was not entirely credible in light of the record as a whole. *See* 20 C.F.R. 416.929 (2007); Tr. at 18. None of Plaintiff's treating physicians articulated work-related limitations as a result of her hidradenitis

9

superativa.

The ALJ stated his determination was made pursuant to SSR 96-8p. Tr. at 18. There was no indication that the ALJ did not appreciate that the ability to maintain employment was not inherent in the definition of RFC. The ALJ was not required to separately determine that Plaintiff could maintain employment because her symptoms were not disabling, and there was no indication the ALJ made his RFC determination without considering maintenance to be inherent in the definition. *See Dunbar*, 330 F.3d at 672.

## IV. CONCLUSION

For the reasons stated above, this Court finds that the ALJ's RFC determination is supported by substantial evidence, and his legal error is harmless. Therefore, the Commissioner's final decision is AFFIRMED.

It is so ordered. June 26, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE